# <u>EXHIBIT A</u>

1  Danny J. Horen, Esq.
2  NV Bar No. 13153
   Kazerouni Law Group, APC
3  7854 W. Sahara Avenue
4  Las Vegas, NV 89117
   Telephone: (800) 400-6808x7
5  Facsimile: (800) 520-5523
6  danny@kazlg.com

7  David H. Krieger, Esq.
8  NV Bar No. 9086
   HAINES & KRIEGER, LLC
9  8985 S. Eastern Avenue, Suite 350
10 Henderson, Nevada 89123
   Phone: (702) 880-5554
11 FAX: (702) 385-5518
12 dkrieger@hainesandkrieger.com

13 *Attorneys for Plaintiff*

14
                EIGHTH JUDICIAL DISTRICT COURT
15                   DISTRICT OF NEVADA

16
17 BRIAN A. WALSH,                      **Case No.: A-15-722747-C**

18          Plaintiff,                  **Dept.: X**

19              v.

20 BANK OF AMERICA, N.A.,               **SUMMONS - CIVIL**
21 CAPITAL ONE, COMPASS
   BANK, MORTGAGE SERVICE
22 CENTER, SPECIALIZED LOAN
23 SERVICING, LLC,
   ROUNDPOINT MORTGAGE,
24 and EXPERIAN
25 INFORMATION SOLUTIONS,
   INC.,
26
27          Defendants.

28
   **SUMMONS**

**NOTICE! YOU HAVE SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW:**

**TO THE DEFENDANT(S):**

**CAPITAL ONE BANK USA, N.A.**
4851 Cox Road
Glen Allen, VA 23060

A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

Submitted by,                                        STEVEN D. GRIERSON
                                                     CLERK OF COURT

By_____                    By_____     NOV 12 2015
DANNY J. HOREN, ESQ.                    DEPUTY CLERK              DATE
KAZEROUNI LAW GROUP                     REGIONAL JUSTICE CENTER
7854 W. SAHARA AVENUE                   200 LEWIS AVENUE
LAS VEGAS, NV 89117                     LAS VEGAS, NV 89155
ATTORNEY FOR PLAINTIFF                  JANEL WASHINGTON

**SUMMONS**

## DISTRICT COURT CIVIL COVER SHEET

A-15-722747-C
X

Clark _____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

---

### I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Brian A. Walsh | Bank of America, N.A., Capital One, Compass Bank, Mortgage Service Center Specialized Loan Servicing, LLC, Roundpoint Mortgage, et al. |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Danny Horen 7854 W. Sahara Avenue Las Vegas, NV 89117 | |

---

### II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☑ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

---

8/6/2015

_____
Date

/s/ Danny Horen

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
08/06/2015 01:18:05 PM

**CLERK OF THE COURT**

Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff*

## EIGHTH JUDICIAL DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN A. WALSH,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., CAPITAL ONE, COMPASS BANK, MORTGAGE SERVICE CENTER, SPECIALIZED LOAN SERVICING, LLC, ROUNDPOINT MORTGAGE, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No.: A-15-722747-C<br>X<br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. BRIAN A. WALSH ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants BANK OF AMERICA, N.A., ("B of A"), CAPITAL ONE ("Capital One"), COMPASS BANK ("Compass"), MORTGAGE SERVICE CENTER ("MSC"), SPECIALIZED LOAN SERVICING, LLC ("SLS"), ROUNDPOINT MORTGAGE ("Roundpoint") and EXPERIAN INFORMATION SOLUTIONS, INC.

COMPLAINT

("Experian") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

COMPLAINT

9.  Venue is proper in this Court because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada.

**PARTIES**

10. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c). Defendant B of A is a corporation doing business in the State of Nevada. Defendant Capital One is a corporation doing business in the State of Nevada.  Defendant Compass is a corporation doing business in the State of Nevada. Defendant MSC is a corporation doing business in the State of Nevada. Defendant SLS is a corporation doing business in the State of Nevada. Defendant Roundpoint is a corporation doing business in the State of Nevada. Defendant Experian is a corporation doing business in the State of Nevada.

11. Defendants B of A, Capital One, Compass, MSC, SLS, and Roundpoint are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

12. Defendant Experian is a national credit reporting agency, doing business in Nevada, with a principal place of business in Ohio.

COMPLAINT

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

14. At all times relevant, Defendants conducted business in the State of Nevada.

15. On or about April 30, 2010, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 10-17987 (the "Bankruptcy").

16. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

17. On or about August 26, 2014, Plaintiff received a Bankruptcy discharge.

18. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

19. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

20. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

21. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

COMPLAINT

22. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that Defendants continued reporting information based on Defendants' pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate."

23. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

24. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Bank of America, N.A. Misreported Credit Information

### Re: Account No. 6818011776*

25. In an Experian credit report dated February 11, 2015, B of A reported the following inaccurate, derogatory information:

   • Post-bankruptcy information for the following dates: August 2010 (90 days past due) and September 2010 (CO—Charge Off)

26. B of A should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

COMPLAINT

27. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid.  Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

28. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

29. On or about March 18, 2015, Plaintiff disputed B of A's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by B of A.

30. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Aug2010 (90days past due) and Sep2010 (CO – Charge Off).

31. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

COMPLAINT

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

32. Upon information and belief, Experian timely notified B of A of Plaintiff's dispute, but B of A continued reporting derogatory information.

33. B of A and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

34. On or about April 13, 2015, Plaintiff received notification from Experian that B of A and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

35. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, B of A and Experian simply left derogatory information on Plaintiff's report. Specifically, B of A and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: August 2010 (90 days past due) and September 2010 (CO—Charge Off)

36. B of A and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

37. B of A and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

38. Due to B of A and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

39. Plaintiff's continued efforts to correct B of A and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with B of A and Experian were fruitless.

40. B of A and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

41. B of A and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

42. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, B of A and Experian failed to take the

COMPLAINT

appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Capital One Bank USA, N.A. Misreported Credit Information**

**Re: Account No. 430572152375***

43. In an Experian credit report dated February 11, 2015, Capital One reported the following inaccurate, derogatory information:

- Balances from February 2013 through April 2013 in the Account History Section

44. Capital One should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

45. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

46. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

47. On or about March 18, 2015, Plaintiff disputed Capital One's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by

COMPLAINT

notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Capital One.

48. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show in the Account history Account Balances from Feb13 – Apr13.

49. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

50. Upon information and belief, Experian timely notified Capital One of Plaintiff's dispute, but Capital One continued reporting derogatory information.

51. Capital One and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

52. On or about April 13, 2015, Plaintiff received notification from Experian that Capital One and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

53. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Capital One and Experian simply left derogatory information on Plaintiff's report. Specifically, Capital One and Experian reported the following inaccurate, derogatory information:

   • Balance in April 2013 in the Account History Section

54. Capital One and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

55. Capital One and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

COMPLAINT

56. Due to Capital One and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. Plaintiff's continued efforts to correct Capital One and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Capital One and Experian were fruitless.

58. Capital One and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

59. Capital One and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

60. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Capital One and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## Compass Bank Misreported Credit Information

## Re: Account No. 5569*

61. In an Experian credit report dated February 11, 2015, Compass reported the following inaccurate, derogatory information:

   • Post-bankruptcy information for the following dates: February 2014 and March 2014 (30 days past due)

COMPLAINT

- Balances from February 2013 through February 2014 in the Account History Section

62. Compass should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

63. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

64. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

65. On or about March 18, 2015, Plaintiff disputed Compass's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Compass.

66. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information

for the following post-bankruptcy dates: Feb2014 and Mar2014 (30 days past due).

• This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Balances from Feb13 – Feb14.

67. The Experian Dispute Letter further requested that Experian:

• Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

• The discharged debt should be reported with an account balance of $0 with a status of "current".

• Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

• Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

• If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

68. Upon information and belief, Experian timely notified Compass of Plaintiff's dispute, but Compass continued reporting derogatory information.

69. Compass and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

70. On or about April 13, 2015, Plaintiff received notification from Experian that Compass and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

71. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Compass and Experian simply left derogatory information on Plaintiff's report. Specifically, Compass and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: February 2014 (30 days past due)

- Balances from April 2013 through February 2014 in the Account History Section

72. Compass and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

73. Compass and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

74. Due to Compass and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C.

§ 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

75. Plaintiff's continued efforts to correct Compass and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Compass and Experian were fruitless.

76. Compass and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

77. Compass and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

78. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Compass and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

<u>**Mortgage Service Center Misreported Credit Information**</u>

<u>**Re: Account No. 954600621\***</u>

79. In an Experian credit report dated February 11, 2015, MSC reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: August 2012—May 2014 (180 days past due)

- Account Balances from February 2013 through May 2014 in the Account History Section

COMPLAINT

80. MSC should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

81. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid.  Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

82. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

83. On or about March 18, 2015, Plaintiff disputed MSC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by MSC.

84. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada.  There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Aug2012 – May2014 (180 days past due).

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Feb13 – May14.

85. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

86. Upon information and belief, Experian timely notified MSC of Plaintiff's dispute, but MSC continued reporting derogatory information.

87. MSC and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

COMPLAINT

88. On or about April 13, 2015, Plaintiff received notification from Experian that MSC and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

89. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, MSC and Experian simply left derogatory information on Plaintiff's report. Specifically, MSC and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: August 2012— May 2014 (180 days past due)

- Account Balances from April 2013 through May 2014 in the Account History Section

90. MSC and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

91. MSC and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

92. Due to MSC and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

COMPLAINT

93. Plaintiff's continued efforts to correct MSC and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with MSC and Experian were fruitless.

94. MSC and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

95. MSC and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

96. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, MSC and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### Mortgage Service Center Misreported Credit Information
### Re: Account No. 954600795*

97. In an Experian credit report dated February 11, 2015, MSC reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: March 2014 and June 2014 (30 days past due)

- Account Balances from February 2013 through August 2014 in the Account History Section

COMPLAINT

98. MSC should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

99. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid. Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

100. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

101. On or about March 18, 2015, Plaintiff disputed MSC's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by MSC.

102. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. There should be no derogatory reporting after the filing date. Specifically, please remove the derogatory information for the following post-bankruptcy dates: Mar2014 and Jun2014 (30 days past due).

COMPLAINT

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, in the Account history you show Account Balances from Feb13 – Aug14

103. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

104. Upon information and belief, Experian timely notified MSC of Plaintiff's dispute, but MSC continued reporting derogatory information.

105. MSC and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

COMPLAINT

106. On or about April 13, 2015, Plaintiff received notification from Experian that MSC and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

107. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, MSC and Experian simply left derogatory information on Plaintiff's report. Specifically, MSC and Experian reported the following inaccurate, derogatory information:

- Post-bankruptcy information for the following dates: March 2014 and June 2014 (30 days past due)

- Account Balances from April 2013 through August 2014 in the Account History Section

108. MSC and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

109. MSC and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

110. Due to MSC and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

COMPLAINT

111. Plaintiff's continued efforts to correct MSC and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with MSC and Experian were fruitless.

112. MSC and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

113. MSC and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

114. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, MSC and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**Specialized Loan Servicing, LLC Misreported Credit Information**

**Re: Account No. 100876***

115. In an Experian credit report dated February 11, 2015, SLS reported the following inaccurate, derogatory information:

- Account Balances from September 2014 through October 2014 in the Account History Section

116. SLS should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

COMPLAINT

117. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid.  Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

118. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

119. On or about March 18, 2015, Plaintiff disputed SLS's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by SLS.

120. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada.  The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show in the Account history Account Balances from Sep14 – Oct14.

121. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

COMPLAINT

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

122. Upon information and belief, Experian timely notified SLS of Plaintiff's dispute, but SLS continued reporting derogatory information.

123. SLS and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

124. On or about April 13, 2015, Plaintiff received notification from Experian that SLS and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

125. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, SLS and Experian simply left derogatory information on Plaintiff's report.  Specifically, SLS and Experian reported the following inaccurate, derogatory information:

- Account Balances from September 2014 through October 2014 in the Account History Section

COMPLAINT

126. SLS and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

127. SLS and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

128. Due to SLS and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

129. Plaintiff's continued efforts to correct SLS and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with SLS and Experian were fruitless.

130. SLS and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

131. SLS and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

132. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, SLS and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## **Roundpoint Mortgage Misreported Credit Information**

### **Re: Account No. 596200109\***

133. In an Experian credit report dated February 11, 2015, Roundpoint reported the following inaccurate, derogatory information:

- Recent Balance of $378,100 as of February 2015
- Account Balances from November 2014 through December 2014 in the Account History Section

134. Roundpoint should not have reported derogatory information on Plaintiff's account after April 30, 2010, because Plaintiff filed for Bankruptcy on April 30, 2010.

135. The adverse information reported by Defendant complained of herein was based on Defendant's assertion of pre-bankruptcy obligations and was therefore inaccurate, since after filing Chapter 13 Bankruptcy the Chapter 13 plan determined how Defendant would be paid.  Failing to report consistent with the terms of the Chapter 13 plan was therefore inaccurate.

136. Defendant failed to report consistent with the terms of the Plaintiff's Chapter 13 Plan and thereby furnished inaccurate information as set forth herein.

137. On or about March 18, 2015, Plaintiff disputed Roundpoint's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Roundpoint.

COMPLAINT

138. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 4/30/2010 and discharged 8/26/2014, bearing docket No. 10-17987 in the District for Nevada. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, you show a Recent balance of $378,100 as of Feb 2015. Also, you show in the Account history Account Balances from Nov14 – Dec14.

139. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 4/30/2010, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

140. Upon information and belief, Experian timely notified Roundpoint of Plaintiff's dispute, but Roundpoint continued reporting derogatory information.

COMPLAINT

141. Roundpoint and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

142. On or about April 13, 2015, Plaintiff received notification from Experian that Roundpoint and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative."

143. Surprisingly, rather than remove all the inaccurate, derogatory information from Plaintiff's report, Roundpoint and Experian simply left derogatory information on Plaintiff's report.   Specifically, Roundpoint and Experian reported the following inaccurate, derogatory information:

   • Recent Balance of $378,100 as of March 2015

   • Account Balances from November 2014 through February 2015 in the Account History Section

144. Roundpoint and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

145. Roundpoint and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

**COMPLAINT**

146. Due to Roundpoint and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

147. Plaintiff's continued efforts to correct Roundpoint and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Roundpoint and Experian were fruitless.

148. Roundpoint and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

149. Roundpoint and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

150. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Roundpoint and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681 *ET SEQ.* (FCRA)

151. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

152. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C §
1681.

153. As a result of each and every willful violation of the FCRA, Plaintiff is
entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
punitive damages as the Court may allow pursuant to 15 U.S.C. §
1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C.
§ 1681n(a)(3) from Defendants.

154. As a result of each and every negligent noncompliance of the FCRA,
Plaintiff is entitled to actual damages as the Court may allow pursuant to 15
U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to
15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief
against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15
U.S.C. § 1681n(a)(2);

COMPLAINT

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

155. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 6, 2015                                    Respectfully submitted,


                                        BY: /S/ DANNY J. HOREN
                                            DANNY J. HOREN, ESQ.
                                            ATTORNEY FOR PLAINTIFF

COMPLAINT

1   **IAFD**
    **KAZEROUNI LAW GROUP, APC**
2   Danny J. Horen, Esq.
    NV Bar No. 13153
3   7854 W. Sahara Avenue
    Las Vegas, NV 89117
4   Telephone: (800)400-6808
    Facsimile:  (800)520-5523
5
6   Attorneys for Plaintiff

7
                          **DISTRICT COURT**
8                       **CLARK COUNTY, NEVADA**

9

10  **BRIAN A. WALSH,**

11              **Plaintiff,**                    CASE NO.

12              **v.**                            DEPT. NO.

13
    **BANK OF AMERICA, N.A.,**
14  **CAPITAL ONE, COMPASS BANK,**
    **MORTGAGE SERVICE CENTER,**
15  **SPECIALIZED LOAN**
16  **SERVICING, LLC, ROUNDPOINT**
    **MORTGAGE, and EXPERIAN**
17  **INFORMATION SOLUTIONS,**
    **INC.**
18
19              **Defendants.**

20          **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

21          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are
22
23  submitted for parties appearing in the above entitled action as indicated below:

24          **1ˢᵗ Appearance Fee**

25      ☒ $270.00

26                                               Total Paid        $   270.00

27  DATED: August 6, 2015

28                                  By:  /s/ Danny J. Horen
                                        Danny Horen, Esq.
                                        Attorney for Plaintiff